IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| ADEDAPO ABIODUN and § <br> HEYDEN PETROLEUM, LTD., § <br>     Plaintiff, § <br> § | Case No.: 3:10-CV-859-J-32JRK |
| § | |
| vs. § | |
| § | |
| SMITH MARITIME, INC., § <br> MARCON INTERNATINAL, INC., § <br> and TUG ELSBETH II, *in rem*, § <br>     Defendants, § <br> § | |

**DEFENDANT MARCON INTERNATIONAL, INC.'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT AND TO STRIKE PORTIONS OF EACH COUNT OF THE COMPLAINT WITH MEMORANDUM OF LAW**

Defendant Marcon International, Inc. (Marcon) moves for dismissal in Plaintiffs' Second Amended Verified Complaint (Complaint) of Plaintiffs' Negligence Claim Against Marcon (Count VI). Assuming *arguendo* that a written and oral contract existed between Marcon and Plaintiffs, as the Complaint alleges, this claim is barred under the Economic Loss Rule, and Plaintiffs fail to state a claim upon which relief can be granted. Marcon also moves for dismissal of Plaintiffs' Claim Against Marcon for Tortious Interference with a Business Relationship (Count VII) as it is also barred by the Economic Loss Rule. Plaintiffs fail to plead factual allegations that fulfill the elements of this tort and fail to state a claim upon which relief can be granted.

Marcon also moves to strike from the Complaint claims for attorneys' fees, as this relief is barred under general maritime law. Therefore, the portions of Counts IV, V, VI, and VII demanding recovery of attorneys' fees should be struck

from the Complaint. Additionally, Marcon moves to strike from the Complaint Plaintiffs' claims for consequential damages, because the allegations Plaintiffs state as a predicate do not legally support recovery of consequential damages. The portions of Counts IV, V, VI, and VII demanding consequential damages should be struck from the Complaint. These motions are more fully explained in the Memorandum of Law below.

## MEMORANDUM OF LAW

### I.
### STANDARD OF DISMISSAL

To dismiss a count under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must determine that the pleading in question has failed to state a claim for relief that is "plausible on its face."[1] Moreover, when evaluating a pleading, a court should discard legal conclusions and mere formulaic recitations of the elements of a claim.[2]

### II.
### PLAINTIFFS' NEGLIGENCE COUNT AGAINST MARCON (COUNT VI) IS BARRED UNDER THE GENERAL MARITIME LAW AND FAILS TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED

Count VI of the Complaint fails to state a claim upon which relief can be granted, because the Complaint asserts a contract existed between Marcon and Plaintiffs. Plaintiffs' maritime tort claims are barred under the Economic Loss Rule since the complaint is grounded on an alleged breach of contract.

    ***a.***    ***The Pleadings assert a contractual relationship between Marcon and Plaintiffs***

---

[1] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).
[2] *Ashcraft v. Iqbal*, 129 S.Ct. 1937 (2009), citing *Twombley* at 555.

Count IV of the Complaint is entitled "Plaintiffs' Claims Against Marcon for Breach of Written and Oral Contract." The Complaint alleges a contractual relationship in Paragraphs 17, 144, 149, 151, and 156. Assuming *arguendo* that the factual allegations in the Complaint are true, a contractual relationship existed between Plaintiffs and Marcon. The Complaint cites the same allegations to support both Plaintiffs' breach of contract and negligence claims: Marcon's position of trust with Plaintiffs, its alleged wrongful disbursement of the fourth Towcon installment and fuel cap money, and the alleged resultant damage to the barge with ostensible consequential economic loss.

### b.  *The Economic Loss Rule*

The Economic Loss Rule operates to bar tort actions for purely economic loss under the general maritime law[3] when a claim's nucleus of operative fact is based on a contract. In *East River Steamship Corp. v. Transamerica Delaval*, the Supreme Court held that products liability claims are inappropriate in commercial transactions under the general maritime law, stating, "[c]ontract law... is well suited to commercial controversies... since a commercial situation generally does not involve large disparities in bargaining power... we see no reason to intrude into the parties' allocation of the risk."[4] The Second Circuit applied this principle to deny a plaintiff's claim of negligent misrepresentation in *International Ore & Fertilizer Corp. v. SGS Control Services, Inc.*, holding that

---

[3] Since Plaintiffs' pled FRCP 9(h) and invoked the admiralty jurisdiction of this Court, unless otherwise stated, Marcon assumes Plaintiffs are proceeding under the general maritime law. To the extent that Plaintiffs are making claims based in state law, they have failed to meet the burden of FRCP 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."

[4] *East River Steamship Corp. v. Transamerica Delaval*, 476 U.S. 858, 872-73 (1986).

the general maritime law prohibits a tort action where the "legal duties to [the plaintiff] arose entirely out of a contract."[5]

In *Meridian Bulk Carriers, Ltd. v. Kinder Morgan Bulk Terminals, Inc.*, a case arising in the Middle District of Florida, the district judge held that "[u]nder federal maritime law, a tort action may not lie where the basis for liability arises from a contract."[6] *Meridian* involved a claim by a vessel charterer against a stevedore for ship damage that allegedly occurred during loading.[7] The charterer brought claims for negligence, breach of contract, and breach of implied warranty of workman-like performance.[8] The court noted the similarities between these separate claims: "Each claim contains the same allegations of improper loading and seeks the same recovery of damages. Because [the plaintiff] has a remedy in contract, *its tort claim is barred by the economic loss rule.*"[9] The court also stated that "Meridian Bulk's claim for negligence is nothing more than a cause of action for breach of the Stowage Plan or its implied warranty."[10] Consequently, the charterer could only seek contract remedies against the stevedore.[11] Under the general maritime law's Economic Loss Rule, Plaintiffs may not bring claims in tort that arise from contractual obligations.

### c. Plaintiffs' Negligence Count against Marcon (Count VI) is barred

---

[5] *International Ore & Fertilizer Corp. v. SGS Control Services, Inc.*, 38 F.3d 1279 (2nd Cir. 1944).
[6] *Meridian Bulk Carriers, Ltd. v. Kinder Morgan Bulk Terminals, Inc.*, No. 8:07-CV-1422, 2009 WL 2180582, at *9 (M.D. Fla. 2009).
[7] *Id.* at 1-3.
[8] *Id.* at 8-10.
[9] *Id.* at 9 (emphasis supplied).
[10] *Id.*
[11] *Id.*

Plaintiffs' negligence claim against Marcon (Count VI), is grounded in the same allegations and facts as Count IV, the breach of contract claim. In both counts, the Complaint asserts that Marcon wrongfully paid the final Towcon installment and fuel cap money to Smith Maritime, Inc. (Smith) without Abiodun's permission. According to the Complaint, this caused the barge to be vandalized and damaged. The damages requested in the two counts are identical. The legal duties of Marcon to Plaintiffs arise entirely out of the contract *that Plaintiffs allege exists*. Therefore, accepting the allegations of material fact in the Complaint as true, Count VI fails to state a claim that is plausible on its face, because the negligence count is barred by the Economic Loss Rule as explained above. The Court should dismiss Count VI, Plaintiffs' negligence claim.

### III.
### PLAINTIFFS' CLAIM FOR TORTIOUS INTERFERENCE WITH A BUSINESS RELATIONSHIP (COUNT VII) IS BARRED UNDER THE GENERAL MARITIME LAW AND FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

#### a. *The Economic Loss Rule*

This claim is barred by the Economic Loss Rule because the operative facts from which it arises are based in contract, as explained in Section II above; thus, Count VII fails to state a claim on which relief can be granted.

#### b. *The Complaint does not fulfill the elements of Tortious Interference with a Business Relationship*

The Complaint does not disclose the body of law under which the claim for tortious interference is pled, and this is not a traditional maritime tort. The general maritime law of torts may be supplemented by state law "when the state

5

action is not hostile to the characteristic features of maritime law..."[12] However, even if Plaintiffs' bring the claim of tortious interference pursuant to state law, the count fails to state a claim upon which relief can be granted, because assertions made in the Complaint are implausible, conclusory, and constitute a mere recitation of the elements of the tort.[13]

A plaintiff must plead the following elements to bring a claim for tortious interference in Florida:

(1) The existence of a business relationship, not necessarily evidenced by an enforceable contract;

(2) Knowledge of the relationship on the part of the Defendant;

(3) An intentional and unjustified interference with the relationship by the Defendant; and

(4) Damage to the Plaintiff as a result of the breach of the relationship.[14]

The Second Amended Complaint asserts that (1) there was a business relationship between Smith and Plaintiffs, (2) that Marcon had knowledge of the relationship between Smith and Plaintiffs, *and (4)* that Plaintiffs sustained damages. These factual allegations are plausible and comport with the pleading standard mandated in *Iqbal* and *Twombley;* however, Plaintiffs attempt to satisfy *the third element of this tort* with a formulaic recitation stating:

> On September 25, 2009, Marcon intentionally interfered with the Plaintiffs' business relationship or contractual rights with Smith by wire transferring

---

[12] *Just v. Chambers*, 312 U.S. 383, 388 (1941).
[13] *Ashcraft v. Iqbal*, 129 S.Ct. 1937 (2009), citing *Twombley* at 555.
[14] *Tamiami Trail Tours, Inc. v. Cotton*, 463 So.2d 1126, 1127 (Fla. 1985).

> Abiodun's money for the last Towcon payment before Smith delivered possession of the Barge to Abiodun at Lagos.

To satisfy the third element of tortious interference with a business relationship, Plaintiffs assert that Marcon, escrow account holder for the parties to the Towcon and (as alleged) the dual agent of Smith and Abiodun, intentionally interfered with the business relationship between the parties. This assertion, a conclusory statement, does not pass the plausibility test of *Twombley* because it does not explain how the payment damaged the relationship between Smith and Plaintiffs. Clearly Smith solicited the payment, and failure to pay might have in some way compromised the towing arrangement. The Second Amended Complaint has no legally cognizable facts or theory to support a claim for intentional tortious interference with any relationship between Smith and Plaintiffs. This Court should dismiss Count VII of the Complaint, because it fails to state a claim on which relief can be granted.

## IV.
## PLAINTIFFS' DEMANDS FOR ATTORNEYS' FEES ARE BARRED UNDER THE GENERAL MARITIME LAW AND SHOULD BE STRUCK

The Complaint requests attorneys' fees and costs as an element of damages in all four Counts against Marcon with the caveat: "if allowed under applicable law." Under the "applicable law," attorneys' fees are not recoverable. Unless authorized by statute, fee shifting is not the general rule in federal

courts.[15]  In the Eleventh Circuit, "[a] party is not entitled to attorney's fees in an admiralty case unless fees are statutorily or contractually authorized."[16]

The recent Eleventh Circuit case of *Misener Marine Const., Inc. v. Norfolk Dredging Co.*, dealt with the issue of a prevailing party's entitlement to recovery of attorneys' fees in a maritime contract dispute.[17]  The party seeking fees argued that it was entitled to them under a Georgia statute regulating payments between contractors and subcontractors that provided for fee recovery.[18]  The Eleventh Circuit stated:

> The American Rule barring the shifting of attorneys' fees is a principle of maritime law, which governs the interpretation of the contract in this case. The [state law allowing fee recovery] is in direct conflict with this principle of maritime law.[19]

The court held that, absent a contractual provision or specific authorization by *federal statute*, shifting of attorneys' fees is barred in a case governed by maritime law, regardless of any remedy provided under state law.[20]

In the instant case, the Complaint does not allege a statutory basis for the award of attorneys' fees and costs.  Moreover, Plaintiffs do not contend that the written and oral contract Plaintiffs assert existed with Marcon called for the recovery of attorneys' fees in the event of future litigation.  Therefore, accepting the allegations of material fact in the Complaint as true, Plaintiffs fail to state a

---

[15] *See Ayeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240 (1975)(discussing the history of fee shifting in American courts and Congress's policy of "[carving] out specific exceptions to a general rule that federal courts cannot award attorneys' fees beyond 28 U.S.C. § 1923).
[16] *Coastal Fuels Marketing, Inc. v. Florida Exp. Shipping Co., Inc.*, 207 F.3d 1247, 1250 (11th Cir. 2000)(holding that fees were recoverable, because the contract at issue was an insurance contract that explicitly provided for attorneys' fees).
[17] *Misener Marine Const., Inc. v. Norfolk Dredging Co.*, 594 F.3d 832, 834-35 (11th Cir. 2010).
[18] *Id*. at 838-39.
[19] *Id*. at 839.
[20] *Id* at 838-39.

claim for attorneys' fees and costs that is plausible on its face, since recovery of such fees in this case is barred under the general maritime law. The Court should strike the portions of the complaint that seek fees against Marcon in Counts IV, V, VI, and VII.

## V.
## PLAINTIFFS' DEMANDS FOR CONSEQUENTIAL DAMAGES SHOULD BE STRUCK

The Complaint demands consequential damages in all four counts against Marcon. Consequential or special damages are not usually available in breach of contract actions.[21] Recovery of consequential damages is permitted only if a plaintiff can demonstrate that the defendant knew of special conditions that would cause the harm if specified actions did/did not occur.[22] In *Texas A&M University v. Magna Transportation, Inc.,* the Fifth Circuit allowed consequential damages because the plaintiff pleaded and proved that the defendant knew the cargo was time-sensitive and that failure to deliver it within a narrow time window would jeopardize an international scientific research project.[23] No specific allegations are made here.

The Complaint alleges that Marcon knew a "disruption in the barge's delivery to Abiodun *could* seriously disrupt or adversely affect Abiodun's business operations." (Emphasis added.) Whether it was foreseeable by Marcon that a disruption in barge delivery could adversely affect Abiodun in some abstract way is irrelevant: the issue is whether this potential disruption was explicitly disclosed to Marcon and foreseen by Marcon as a result of its payment to Smith

---

[21] *Texas A&M Research Foundation v. Magna Transportation, Inc*., 338 F.3d 394, 404 (5th Cir. 2003).
[22] *Id*.
[23] *Id.*

of the fourth installment of the Towcon monies and fuel cap funds.  Based on the allegations in the Complaint, consequential damages were not foreseeable by Marcon as a result of making the final Towcon payment to Smith.  On the contrary, it is evident that delivery of the barge to Lagos, Nigeria, per the Towcon enabled Plaintiffs to use the barge for whatever purpose they envisioned.  Plaintiffs' demand for consequential damages should be struck from Counts IV, V, VI, and VII.

## VI.
## CONCLUSION

This Court should dismiss Plaintiffs' Negligence Claim Against Marcon (Count VI) and Plaintiffs' Claim Against Marcon for Tortious Interference with a Business Relationship (Count VII).

The Court should strike from the Second Amended Complaint allegations of entitlement to attorneys' fees in Counts IV, V, VI, and VII, and the Court should demands for consequential damages in Counts IV, V, VI, and VII from the Second Amended Complaint.

Respectfully submitted,

/s/ Thomas C. Fitzhugh III\_\_\_\_
THOMAS C. FITZHUGH III
FITZHUGH & ELLIOTT, P.C..
Texas Bar No. 07093500
12727 Kimberley, Suite 302
Houston, Texas   77002
(713) 465-7395
(713) 465-0845 (Fax)

ATTORNEYS FOR MARCON
INTERNATIONAL, INC.

## **CERTIFICATE OF SERVICE**

      I certify that on August 12, 2011, I filed the foregoing with the clerk of the court using the CM/ECF system, which will automatically send notice of the filing to all registered users, including the following

**VIA REGULAR MAIL
AND EMAIL**
Farris J. Martin III
Stroup & Martin, P.A.
119 Southeast 12th St.
Ft. Lauderdale, FL 33616
Attorneys for Plaintiff

**VIA REGULAR MAIL
AND EMAIL**
David W. McCreadie, Esq.
Lau, Lane, Pieper, Conley & McCreadie, PA
100 S. Ashley Drive
Suite 1700
Tampa, FL 33602

**VIA REGULAR MAIL
AND EMAIL**
Phillip A. Buhler, Esq.
501 West Bay Street
Jacksonville, FL 32202

**VIA REGULAR MAIL
AND EMAIL**
James F. Moseley, Esq.
501 West Bay Street
Jacksonville, FL 32202

**VIA REGULAR MAIL
AND EMAIL**
Christopher P. Boyd, Esq.
Taylor, Day, Currie, Boyd & Johnson
50 North Laura Street, Ste. 3500
Jacksonville, Florida 32202

                                        /s/ James C. Woolsey
                                        JAMES C. WOOLSEY